UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN DATIS,

Petitioner(s),

v.

TODD BLANCHE, et al.,

Respondent(s).

CASE NO. C26-2765-KKE

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on Petitioner Jonathan Datis's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 5. For the reasons stated below, the Court denies the petition.

## I. BACKGROUND

Petitioner Jonathan Datis is a citizen of Haiti who entered the United States on May 24, 2023, at a port of entry in Hidalgo, Texas. *See* Dkt. No. 14 at 1, *Datis v. Hermosillo* ("*Datis I*"), No. 2:26-cv-01896-TMC (W.D. Wash. July 15, 2026). He claimed fear of returning to Haiti and requested asylum in the United States. *Id.* The Government served Petitioner with a Notice to Appear charging him as inadmissible but paroled him into the country under 8 U.S.C. § 1182(d)(5). *Id.* Petitioner was arrested by the Multnomah County (Oregon) Sheriff's Office on November 22, 2025, on a charge of misdemeanor reckless driving. *Id.* On January 2, 2026, Petitioner was also arrested on charges of assault in the fourth degree and interference with making an arrest. *Id.* The latter charges were eventually dismissed. *Id.*

On January 15, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents during a targeted enforcement operation in Portland, Oregon. Dkt. No. 14 at 2, *Datis I*, No. 2:26-cv-01896-TMC. ICE transferred Petitioner to the Northwest Immigration and

Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington, where he has remained. *Id.* On March 24, 2026, an immigration judge ("IJ") denied Petitioner bond, finding that she lacked jurisdiction to consider bond because Petitioner's detention was mandatory. *Id.* On April 13, 2026, the IJ denied Petitioner's application for relief from removal and ordered him deported to Haiti. *Id.* On April 21, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"). *Id.* As far as the Court is aware, that decision remains pending.

This is Petitioner's second habeas petition. His first petition was filed on June 4, 2026. *See* Dkt. No. 5, *Datis I*, No. 2:26-cv-01896-TMC. Petitioner argued that he belonged to the Bond Denial Class established in *Rodriguez Vazquez*, 802 F. Supp. 3d 1297 (W.D. Was. 2025), and was entitled to a bond hearing before an IJ or release. *Id.* at 1–3. The Court denied his petition on July 15, 2026, concluding that Petitioner was ineligible for membership in the Bond Denial Class where he was apprehended at the border and mandatorily detained under 8 U.S.C. § 1225(b), and was otherwise ineligible for habeas relief. Dkt. No. 14 at 3–4, *Datis I*, No. 2:26-cv-01896-TMC.

Petitioner filed the instant petition on August 5, 2026. He argues that his detention violates due process and asks the Court to grant him a bond hearing or release. Dkt. No. 5 at 9–17, 19. The Government filed a Return on August 19, 2026, arguing that the Court should dismiss the petition as an improper successive petition under the "abuse of the writ" doctrine. Dkt. No. 8 at 1–2. Petitioner filed a reply (i.e., a traverse) on August 31, 2026. Dkt. No. 9. The petition is now ripe for the Court's consideration.

## II. LEGAL STANDARD

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*,

411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. ANALYSIS

The Government argues that the instant petition should be dismissed under the abuse of the writ doctrine because it is an improper successive petition. The Court agrees.

"The abuse of the writ doctrine generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Mendoza Araiza v. Hernandez*, 2026 WL 2071149, at *3 (W.D. Wash. July 17, 2026) (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011)); *see also id.* (explaining that the "Ninth Circuit has recognized that the common law abuse of the writ doctrine may apply to successive habeas petitions filed under Section 2241"). "[T]o determine whether a claim is second or successive, [courts] must look to the substance of the claim and decide whether the petitioner had a full and fair opportunity to raise the claim in the prior application." *Eldridge v. Howard*, 70 F.4th 543, 552 (9th Cir. 2023) (citation modified). "A petitioner had no fair opportunity to raise the claim in the prior application if (1) the claim was not yet ripe at the time of the first petition, or (2) where the alleged violation occurred only after the denial of the first petition." *Id.* (citation modified). When the Government asserts the doctrine, it bears the burden of showing "with clarity and particularity … petitioner's prior writ history, identif[ying] the claims that appear for the first time, and alleg[ing] that petitioner has abused the writ." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). If the Government carries its burden, the burden shifts to the petitioner "to disprove abuse[.]" *Id.*

The Court finds that the Government has met its burden here. Petitioner's first habeas petition, though sparse in its allegations, challenged the lawfulness of his detention at the NWIPC, including the Government's treatment of him as subject to mandatory detention and the lack of

process surrounding the detention. Dkt. No. 5 at 3, *Datis I*, No. 2:26-cv-01896-TMC. Petitioner requested a "constitutionally adequate bond hearing" as "a member of the *Rodriguez Vasquez* Bond Denial Class" and other "habeas relief." *Id.* And his traverse filed in support of his first petition contained an extensive analysis of the factors articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976) as applied to his detention—the same due process argument Petitioner advances here. Dkt. No. 12 at 2–8, *Datis I*, No. 2:26-cv-01896-TMC. Judge Cartwright considered and rejected this argument, distinguishing the authority cited by Petitioner in his traverse pertaining to the due process rights of non-citizens released on an order of supervision. Dkt. No. 14 at 4, *Datis I*, No. 2:26-cv-01896-TMC.

The instant petition, filed less than a month after the Court denied the first petition, again challenges the lawfulness of Petitioner's detention and seeks a bond hearing or release, though Petitioner's procedural due process claim based on the *Mathews* factors is now more prominently asserted in his petition. Dkt. No. 5 at 11–16. As the Government explains, the "core factual predicate" underlying the instant due process claim—i.e., the January 15, 2026, ICE arrest and subsequent detention at the NWIPC —"existed at the time of the first petition, and the first Court already analyzed the nature of that detention and the [G]overnment's treatment of Petitioner." Dkt. No. 8 at 5.

Petitioner does not meaningfully dispute the Government's argument that he could have raised the instant due process claim in his prior petition (and in fact briefed it thoroughly in his first traverse) or otherwise meet his burden to "disprove abuse." *See McCleskey*, 499 U.S. at 495. Instead, he argues that the doctrine should not punish a pro se detainee refining his petition in a subsequent petition. Dkt No. 9 at 4. Although the Court recognizes the difficulty of representing oneself, a petitioner does not enjoy unlimited opportunities to seek habeas relief, particularly when his second petition was filed less than one month after the denial of his first. The Court concludes

that the present petition is impermissibly successive where Petitioner reargues the same due process argument and fails to allege any "changed circumstances or other exceptions to the abuse of writ doctrine." *Hernandez Martinez v. Scott*, No. 2:26-CV-02098-JHC, 2026 WL 2032522, at *1 (W.D. Wash. July 13, 2026); *see also Ulin Valdez v. Warden, Nw. Processing Ctr.*, No. 2:26-CV-01943-TMC, 2026 WL 2083270, at *2 (W.D. Wash. July 20, 2026) (denying petition under abuse of writ doctrine where petitioner "recycle[d] the same claim" from his earlier petition—"that his detention is prolonged and violates the Due Process Clause"). Nor does Petitioner identify any claim in the instant petition that was unripe when he filed his first petition or that arose afterward. *See Eldridge*, 70 F.4th at 552; *see also Sossa Azogue De Cuellar v. Dep't of Homeland Sec.*, No. C26-1971-MLP, 2026 WL 2123014, at *2 (W.D. Wash. July 23, 2026) (applying doctrine where the petitioner "d[id] not identify any claim in the instant petition that was unripe at the time of the First Petition or that arose only after she filed it"). Under these circumstances, the Court concludes that Petitioner had a full and fair opportunity to raise his claim in the prior petition.

Because Petitioner has not shown sufficient cause to justify a successive petition, the instant petition is denied under the of abuse of the writ doctrine.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for writ of habeas of corpus.

Dated this 16th day of September, 2026.

Kymberly K Evanson

Kymberly K. Evanson
United States District Judge